IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

     V.                                CRIMINAL NO. 2:25cr28-KHJ-MTP-1

SEAN GARDNER

### MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS PHYSICAL EVIDENCE

Defendant, Sean Gardner, by and through counsel, respectfully requests that all physical evidence and statements be suppressed as they were obtained in violation of the Constitution of the United States and the Fourth Amendment. The issuing judge improperly authorized the warrant, as the warrant was stale and failed to establish a nexus. Furthermore, there can be no good-faith exception because the officer's reliance was objectively unreasonable.

In support of this motion, Mr. Gardner would respectfully show as follows:

### Statement of Facts

In March of 2022, the United States Center for Safe Sport ("Safe Sport"), a non-profit organization that investigates allegations involving abuse of minor athletes, received complaints about defendant Sean Gardner.   The allegations related to sexual misconduct were reported by two minor female athletes who were coached by Gardner at Chow's Gymnastics facility in West Des Moines.   The first complaint, reported by a single athlete, was that from 2018 through 2022:

    (1) Mr. Gardner employed "improper spotting techniques" while coaching minor females during practice that were sexual in nature

    (2) Mr. Gardner would improperly put his hands between an athlete's legs for a prolonged period of time, and

1

(3) Gardner verbally assaulted and insulted the girls he coached.

A second minor filed a complaint with SafeSport in August 2022 that Gardner grabbed her by the ankle and dragged her across the carpet, causing carpet burns to her buttocks. That complaint also included an allegation that Gardner improperly touched the minor during stretching routines he employed. Safe Sport referred these complaints to the West Des Moines Police Department (WDMPD) in May 2022. The WDMPD did not begin investigating the allegations until April 2024 –almost two years later. At that time, they interviewed a 16-year-old former student who reported misconduct that allegedly occurred five years earlier in 2019. The minor told investigators that Gardner began giving her private lessons in 2019. She said that Gardner had her performing stretches in a manner that "forced her vagina and anus to become exposed due to the lack of coverage from her mandatory leotard." She stated that Gardner would go to a coach's lounge afterwards, where he would retrieve his cellphone from a window ledge. She suspected that Gardner was filming her stretches for the purpose of recording her private area.

This minor reported other instances in 2019 where Gardner allegedly touched her private areas, and further incidents where he gave nonconsensual hugs. She also reported that Gardner would have inappropriate conversations with the minors he coached that were of a sexual nature, and that he verbally assaulted them during practice. WDMPD Detective Jeff Lyon interviewed this minor and her mother in April 2024.

It was not until a year after that, May 22, 2025, when WDMPD Detective Jeff Lyon applied for a search warrant of Mr. Gardner's residence. The affidavit in support of the warrant application contained the above allegations of sexual misconduct that purportedly occurred in 2019 and before. The affidavit did not include any other civilians who were interviewed since April

2024.    The affidavit did not include any further evidence that Mr. Gardner was in possession of material that portrayed child pornography –only that one minor suspected that Gardner filmed her performing stretches that she believed exposed her private area in 2019.

Polk County Judge Jesse Ramirez issued the search warrant on May 22, 2025.    (A redacted copy of the Search Warrant, Affidavit for Search Warrant, Underlying Facts and Circumstances, and Return is attached hereto as Exhibit "A".) WDMPD officers executed the warrant on May 28, 2025.    Mr. Gardner was not at the residence at the time.    Officers confiscated a cell phone, a computer, a laptop, several USB drives, and various papers, letters from former gymnastics pupils he coached, and other personal items.    During a review of the devices, WDMPD reported that they found videos of minor children undressing in a restroom.    Further investigation revealed that the footage is believed to come from the bathroom at a gymnastics facility located in Purvis, Mississippi, where minor athletes would change into their leotards.    Mr. Gardner coached at the facility prior to relocating to Des Moines, Iowa, in 2018.    The government seeks to admit these recordings in its case in chief against Mr. Gardner.

**The Federal Search Warrant**

On June 15, 2025, FBI Task Force Agent Chris Thomas sought a second search warrant from a United States Magistrate Judge in the District of Iowa.    Thomas submitted the above facts in an affidavit attached to his application for a search warrant.    That application and affidavit are contained in Attachment B to this motion.    The search warrant was signed by U.S. Magistrate Judge William P. Kelley on July 15, 2025.

The search warrant applications failed to establish probable cause to support the finding that Mr. Gardner possessed contraband.    Further, officers could not rely on the good-faith

3

exception.

**<u>Argument</u>**

I.    **Due to the staleness of the investigation, the evidence obtained pursuant to the search of Mr. Gardner's residence should be suppressed.**

      A.  **The good-faith exception to the exclusionary rule does not apply.**

When challenging the validity of a search warrant, courts apply a two-step test to determine whether to suppress evidence under the exclusionary rule: first, the court must ask whether the good faith exception to the rule applies, and second, whether the warrant was supported by probable cause. *United States v. Mays,* 466 F.3d 335, 342–43 (5th Cir. 2006) (citation omitted). The good faith exception to the exclusionary rule provides "that evidence obtained by law enforcement officials acting in objectively reasonably good-faith reliance upon a search warrant is admissible" even if the affidavit on which the warrant was grounded was insufficient to establish probable cause. *United States v. Shugart,* 117 F.3d 838, 843 (5th Cir. 1997).

The Fifth Circuit has recognized the following four exceptions when an officer may not rely on good faith to save the search warrant:

> (1) in issuing the warrant the magistrate is misled by information in the affidavit that the affiant knows is false or would have known was false except for his reckless disregard of the truth;
> (2) the issuing magistrate wholly abandons his judicial role;
> (3) the warrant is based on an affidavit so lacking in indicia of probable cause that official belief in its existence is entirely unreasonable; or,
> (4) the warrant is so facially deficient in failing to particularize the place to be searched and things to be seized that the executing officers cannot reasonably presume it to be valid."

*United States v. Russell*, 960 F.2d 421, 423 (5th Cir. 1992).

Mr. Gardner asserts that the third exception applies.   A "bare bones" affidavit contains

4

"wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992) (citation omitted). Whether an affidavit is a bare bones affidavit is determined by a totality of the circumstances. *United States v. Fisher*, 22 F.3d 574, 578 (5th Cir. 1994).

An officer is not entitled to invoke the good faith exception if the affidavit upon which the warrant is founded is a "bare bones" affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Robinson*, 741 F.3d 588, 597 (5th Cir. 2014).

Stale information cannot be used to establish probable cause. *Id.* (citing *Marcilis v. Twp. of Redford*, 693 F.3d 589, 601 (6th Cir. 2012)). "The proof must be of facts closely related in time to the issuance of the warrant in order to justify a finding of probable cause at that time." *United States v. Gallegos*, 239 F. App'x 890, 896 (5th Cir. 2007) (quoting *United States v. McKeever*, 5 F.3d 863, 866 (5th Cir. 1993)).

Here, the delay was over three years, and the allegations related to conduct that allegedly occurred six years ago. As can be seen from the timeline, the complaints were made to SafeSport in 2022, stemming from allegations that occurred between 2018 and 2019. Police did not begin investigating these claims until 2024. Another year passed before police requested a search warrant in 2025.

Cases from this circuit have denied suppression motions based on staleness for 3 months all the way up to 18 months. For example, *United States v. Allen* discusses various child-pornography cases involving digital files and other media, and it addresses periods including 5 years, 3 years, 16 months, 10 months, and 13 months as all being insufficient to render

investigative information stale in this context. 625 F.3d 830, 843 (2010) (collecting child pornography cases regarding staleness). *Allen* itself involved a period of 18 months, which the Fifth Circuit affirmed was insufficient to render the investigative information stale. *See also United States v. Winkler*, No. SA–07–CR–253–XR, 2008 WL 859197, at \*5–7 (W.D. Tex. Mar. 28, 2008) (13–month period did not result in staleness in child-pornography case). Yet none of the cases involved a delay of more than two years. Again, there was a three-year delay in investigation of allegations that were 3 years old when reported.

When evaluating the staleness of information in an affidavit, this Court considers the particular facts of the case, including the nature of the unlawful activity and of the evidence sought, especially whether the evidence "is of the sort that can reasonably be expected to be kept for long periods of time in the place to be searched." *United States v. Craig*, 861 F.2d 818, 822–23 (5th Cir. 1988).

While there are several cases approving search warrants where there is evidence that a suspect is an intentional "collector" of child pornography, *United States v. Allen*, 625 F.3d 830, 842–43 (5th Cir.2010) (finding no staleness where suspect had history of trading child pornography); it is not sufficient to make such a finding here where there are no such "propensity-raising circumstances" in the original application for the search of Mr. Gardner's residence. *See United States v. Raymonda*, 780 F.3d 105, 116–17 (2d Cir. 2015). We note here that the federal search warrant application was made after Mr. Gardner's letters, laptop, and USB drives were already seized and searched. The information reported from 2022 only included information from one minor, who reported that Gardner retrieved his cell phone after she was stretching, and the cell phone was placed in an area that could have recorded her. This was not sufficient

6

information to establish that Mr. Gardner was a collector of child pornography.    None of the other information in the affidavits related to Gardner employing any digital recording devices. The court should therefore find the search warrant "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Robinson*, 741 F.3d 588, 597 (5th Cir. 2014).

<u>**Conclusion**</u>

For the above-stated reasons, Mr. Gardner asks this court to suppress all physical evidence discovered as a result of the execution of the original search warrant.    An evidentiary hearing is requested on this motion.

Respectfully submitted,

*/s/ Omodare Jupiter*
OMODARE JUPITER, MSB No. 102054
Federal Public Defender
2510 14th Street, Suite 900
Gulfport, Mississippi 39501
Telephone: (228)865-1202
omodare_jupiter@fd.org

7

<u>CERTIFICATE OF SERVICE</u>

I, Omodare Jupiter, attorney for the Defendant, Sean Gardner, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that all attorneys of record for the parties will be notified electronically.

Dated this the 9th day of February, 2026.

*/s/Omodare Jupiter*
OMODARE JUPITER
Federal Public Defender

8