IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                            CRIMINAL NO. 2:25cr-28-KHJ-MTP

SEAN GARDNER

**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS**

Defendant, Sean Gardner, by and through counsel, respectfully requests that this court issue an order prohibiting the government from introducing all statements made by Sean Gardner to law enforcement on August 15, 2025. The statement was involuntary and taken in violation of the Fifth Amendment to the United States Constitution.

In support of this motion, Mr. Gardner would respectfully show as follows:

**Statement of Facts**

On May 22, 2025, West Des Moines Police Department (WDMPD) Detective Jeff Lyon applied for a search warrant of Mr. Sean Gardner's residence in Des Moines, Iowa. The affidavit in support contained allegations that Mr. Gardner improperly touched female minors that he coached at a gymnastics facility, and one minor's suspicion that he may have videotaped her while she stretched during private coaching sessions. The conduct purportedly occurred between 2017 - 2019. Polk County Judge Jesse Ramirez issued the search warrant on May 22, 2025. WDMPD officers executed the warrant on May 28, 2025. Mr. Gardner was not at the residence at the time of the search. Officers confiscated a cell phone, a computer, a laptop, several USB's, and various papers, letters from former gymnastic pupils he coached, and other personal items.

When Mr. Gardner returned to his residence, he realized that federal officers went through

1

his belongings and that they had taken his electronic devices. Gardner was suspended from coaching gymnastics for 3 years because of an investigation by the United States Center for Safe Sport. He drank excessively during the period leading up to his arrest in this matter.

On August 15, 2025, federal agents executed an arrest warrant on Mr. Gardner at his apartment. Mr. Gardner was inebriated, experiencing the effects of alcohol abuse. FBI Task Force Agent Chris Thomas verbally advised Mr. Gardner of his rights. Thomas stated:

> Alright. You have the right to remain silent. Anything you say or will be used against you in a court of law. You have the right to consult with a lawyer before you answer any questions or make statements and to have a lawyer present during questioning. If you cannot afford one, one will be provided for you, free of costs if you want. Do you understand that? So I'd like to tell you what's going on and explain everything. Um, I'd like to do it out in my car if you're all right with that.

Mr. Gardner was under arrest at this time and handcuffed. Agent Thomas did not ask Mr. Gardner if he wished to waive his right to remain silent and speak without a lawyer present. Instead, he told Mr. Gardner that he was going to tell him "what's going on and explain everything." When Agent Thomas asked Mr. Gardner about videotaping students, Mr. Gardner stated that he did not wish to speak about it, thereby invoking his Fifth Amendment right to remain silent. Agent Thomas initially said that this was fine, but then asked more questions about the same subject. Mr. Gardner, who was both inebriated and ill, answered the agent's questions after he specifically invoked his right to remain silent. Gardner was hoping that the arresting officers would take him to a hospital or detox facility, and asked them to do so. Mr. Gardner's physical and mental state were compromised at the time he was read his rights. He was incapable of voluntarily making a knowing and intelligent waiver of his rights, even though he did attempt to do so.

2

**Legal Argument**

*Miranda v. Arizona* dictates that , "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *United States v. Cardenas*, 410 F.3d 287, 292 (5th Cir. 2005) (discussing *Miranda v. Arizona*, 384 U.S. 436 (1966)). "Miranda warnings must be administered prior to custodial interrogation." *United States v. Lim*, 897 F.3d 673, 690 (5th Cir. 2018). In order for the government to use statements taken while the defendant is in custody, it must establish that the defendant knowingly and voluntarily waived his rights.

"The inquiry whether a valid waiver has occurred "has two distinct dimensions. First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *United States v. Andrews*, 22 F.3d 1328, 1337 (5th Cir. 1994)" When the prosecution offers statements made by a defendant during custodial interrogation, "a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Id. at* 1337–38.

"To be voluntary, a confession must be the product of a rational intellect and free will." *United States v. Kreczmer*, 636 F.2d 108, 110 (5th Cir. 1981). "A confession is involuntary if the defendant is so intoxicated by alcohol or other drugs that the confession is not rationally and freely given." *Id.* The court must determine whether the defendant was so affected [by drugs or

3

alcohol] as to make his statement, after appropriate warnings, unreliable or involuntary.*" United States v. Taylor*, 508 F.2d 761, 763 (5th Cir. 1975). The Court must consider "whether a defendant showed signs of intoxication, cooperativeness and alertness during questioning, the amount of detail in a defendant's answer, whether the officers believed the defendant to be aware and reasonable during questioning, whether defendant indicated that he understood his Miranda rights, and whether defendant responded affirmatively to questions regarding his understanding of his rights." *United States v. Cooper*, No. CR 23-131, 2025 WL 35035, at *3 (E.D. La. Jan. 6, 2025).

 Mr. Gardner was noticeably distraught, depressed and in need of medical attention when officers arrested him.  He asked officers if they could take him to the hospital or to a facility that could provide some relief from the effects of his heavy consumption of alcohol.  At one point during the interrogation, he noticed that his handcuffed wrists were bleeding, probably due to an aggravation of his psoriasis.

 The court should hold an evidentiary hearing where the government will have the burden to prove the voluntariness of this statement taken while in custody.

4

## **Conclusion**

    For the above-stated reasons, Mr. Gardner asks this court to suppress all statements. We request an evidentiary hearing on this motion.

                           Respectfully submitted,

                           */s/ Omodare Jupiter*
                           OMODARE JUPITER, MSB No. 102054
                           Federal Public Defender
                           Gulfport, Mississippi 39501
                           Telephone: (228) 865-1202
                           Fax: (228) 867-1907
                           Omodare_jupiter@fd.org
                           MS # 102054

## CERTIFICATE OF SERVICE

I, Omodare Jupiter, attorney for the Defendant, Sean Gardner, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that all attorneys of record for the parties will be notified electronically.

Dated this the 9th day of February, 2026.

                                                      */s/Omodare Jupiter*
                                                      OMODARE JUPITER
                                                      Federal Public Defender