IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v. CRIMINAL NO. 2:25-cr-00028-KHJ-MTP

SEAN GARDNER

## MOTION FOR VICTIMS TO ATTEND BY VIDEO CONFERENCE

The United States moves this court to allow victims and their parents to attend the sentencing hearing scheduled for October 14, 2026, at 9:30 a.m. by video conference. The Defendant does not oppose having a connection to a federal courtroom in Iowa, but objects to having a Zoom link given to every victim.

1. Crime victims are individuals who are directly and proximately harmed by crime. 18 U.S.C. § 3771(e)(2)(A). In the case of a minor victim, the child's legal guardian or representative qualifies as a crime victim. 18 U.S.C. § 3771(e)(2)(B). Thus, the minor victims' parents are also crime victims.

2. Some of the victims live out of state. They wish to attend and observe the sentencing hearing. Traveling to attend the sentencing would be a hardship.

3. Under the Crime Victims' Rights Act (CVRA), crime victims have a statutory "right not to be excluded from any . . . public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding." 18 U.S.C. § 3771(a)(3), (b)(1). The CVRA directs both the courts and officers and employees of the Department of Justice engaged in the detection, investigation, or prosecution of crime to undertake their best efforts to accord victims

their enumerated rights. 18 U.S.C. § 3771(b), (c)(1). The CVRA also commands courts to "make every effort to permit the fullest attendance possible" by victims. 18 U.S.C. § 3771(b)(1).

4. Like the CVRA, Federal Rule of Criminal Procedure 60(a)(2) accords victims the right to attend proceedings and further commands that courts "must make every reasonable effort to permit the fullest attendance possibly by the victim and must consider reasonable alternatives to exclusion. The reason for exclusion must be clearly stated on the record." *See also* 18 U.S.C. § 3771(b)(1).

5. Allowing the victims and their parents to attend the sentencing hearing in this matter by video conference is a reasonable alternative to excluding them from the proceeding.

6. While broadcasting criminal proceedings is prohibited by Federal Rule of Criminal Procedure 53, allowing the victims and their parents to attend remotely is not broadcasting. To broadcast is to make something widely known or to "to send out or transmit (something, such as a program) by means of radio or television or by streaming over the Internet." Merriam-Webster, Broadcast.[1] Because this request is limited to a very small, defined class of individuals and it does not seek to make the proceeding generally accessible to the public through radio, television, or the internet, it is not a request to broadcast the proceeding within the meaning of Rule 53.

7. If the court has any concerns about the possible recording of the proceeding, the United States agrees that it would be appropriate for the court to order that any person listening refrain from recording it.

**THEREFORE**, the United States requests that the court accommodate the attendance of the victims and their parents at the sentencing hearing in this matter by allowing their access through video conferencing.

---

[1] Available at https://www.merriam-webster.com/dictionary/broadcast (last visited September 15, 2026).

**DATED** this 16th day of September 2026.

Respectfully submitted,

J.E. BAXTER KRUGER
United States Attorney

By: */s/ Kimberly T. Purdie*
Kimberly T. Purdie
Assistant United States Attorney
501 E. Court Street, Ste 4.430
Jackson, MS 39201
Ph: (601) 965-4480
Fax: (601) 965-4409
Mississippi Bar No. 104168

*/s/ Lee Smith*
Lee Smith
Assistant United States Attorney
Mississippi Bar No. 106061

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September 2026, the foregoing **Motion for Victims to Attend by Video Conference** was electronically filed and consequently served on defense counsel.

*/s/ Kimberly T. Purdie*
Kimberly T. Purdie
Assistant United States Attorney